E-FILED
Tuesday, 01 December, 2020 01:52:52 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT

for the

Central District of Illinois

| | |
|---|---|
| Alexander Kluball,<br>Plaintiff,<br><br>V.<br><br>United States,<br>Michael Carvagal,<br>Jeffery Kruger,<br>Fredrick Entzel,<br>First Name Unknown Grissom,<br>First Name Unknown Bell,<br>individually and in their official<br>Capacities,<br>Defendants. | Civil Action NO:<br>1:20-CV-01272-SLD<br><br>Amended Complaint |

Amended Complaint and Supplemental Pleading Pursuant to Federal Rule of Civil Procedure 15(a) and 15(d)

## I. JURISDICTION & VENUE

1. This is a civil action authorized by Bivens to redress the

1

deprivation, under color of Federal law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff Kluball seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiffs Kluball's Claims for injunctive relief are authorized by 28 U.S.C. Section 2283 ; 2284 and Rule 65 of the Federal Rules of Civil Procedure. Plaintiff Kluballs' Federal Tort Claims Act Claims are authorized by 28 U.S.C. Section 1346.

2.  The Central District of Illinois is an appropriate venue Under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this Claim occurred.

## II PLAINTIFFS

3.  Plaintiff Alexander Kluball, is and was at all times mentioned herein a prisoner of the Federal Government in the Custody of the Federal Bureau of Prisons. Plaintiff is Currently Confined in Federal Correctional Institution - Pekin, in Pekin, Illinois.

2

## III. DEFENDANTS

4.    Defendant United States of America,

5.    Defendant Michael Carvagal is the director of the Federal Bureau of Prisons. He is legally responsible for the Overall Operation of the Federal Bureau of Prisons, and each institution under its jurisdiction including FCI-Pekin. He is also legally responsible for all Federal Bureau of Prisons Policies, and for the Welfare of each and every inmate in the custody of the FBOP, along with holding any and all legal responsibility for the deprivation of inmates rights within his care. He Swore an oath to uphold the Constitution, and the rights afforded by said Constitution.

6.    Defendant Jeffery Kruger is the Director of North Central Regional Office within the Federal Bureau of Prisons. He is legally responsible for the overall Operation of the prisons within the North Central Regional. He is also legally responsible for all Policies Created out of the North Central Regional Office, the Welfare of inmates housed in federal prisons within the North Central Region, along with holding legal responsibility for the deprivation of inmate rights due to policy implemented by him as well as staff actions

3

On a regional level or below. Kruger swore an oath to uphold the Constitution, and the rights afforded by the Constitution.

7. Defendant Fredrick Entzel is the Warden of FCI-Pekin, in Pekin, Illinois. He is legally responsible for the operation of FCI-Pekin and for the welfare of all inmates of that prison. He is also legally responsible for all institutional level policies issued and signed by himself as well as to make sure inmates are not being deprived of their Constitutional rights. Fredrick Entzel swore an oath to uphold the Constitution, and of the rights afforded by the Constitution.

8. Defendant (First Name Unknown) Grissom is the Associate Warden of FCI-Pekin, in Pekin Illinois, who at all times ~~breade the~~ of this Complaint, held the position of associate warden and was assigned to FCI-Pekin. Grissom swore an oath to uphold the Constitution, and the rights afforded by the Constitution.

9. Defendant (First Name Unknown) Bell is the Iowa 1 Unit Manager at FCI-Pekin, in Pekin, Illinois, who at all times in this Complaint, held the position of Iowa 1 Unit Manager, and was assigned to that position at FCI-Pekin. She is legally responsible for her actions, Unit rules and policies she issues as well as

4

any and all deprivation of the rights of inmates by her actions and or policies. Mrs Bell swore an oath to uphold the Constitution, and the rights afforded by the Constitution.

10.    Each defendant is sued individually and in his or her official capacity. At all times mentioned in this Complaint each defendant acted under the color of federal law.

## IV FACTS

11.    At all times relevant to this case, Plaintiff was housed on Iowa 1 Unit at FCI-Pekin, in Pekin, Illinois.

12.    From the initial request to education staff Mrs. Toney, on the week of June 15th 2020 through July 31st 2020, Plaintiff was housed in cell 204 on Iowa 1 Unit.

13.    On July 31st 2020, Plaintiff Kluball. was moved to Cell 206 on Iowa 1 Unit, and is currently housed in cell 206.

14.    Plaintiff Kluball realized/recognized/discovered the sexual abuse from his childhood and his ability to file a suite on or about July 20th 2017.

15. Plaintiff Kluball also requires legal research to file a Section 2255, Compassionate release, as well as research FBOP policy in regards to Staff misconduct and rejection of Correspondence.

16. In August 2016, Plaintiff arrived at FCI-Pekin in Pekin, Illinois.

17. Upon arrival at FCI-Pekin, Plaintiff was issued a inmate handbook in which Plaintiff was required to sign, Stating Plaintiff agreed to abide by the handbook.

18. On page 54 of the inmate handbook under the rights and responsibility Section, number 8 States under rights: 'You have the right to participate in the use of the Law Library reference materials to assist you in resolving legal problems. You also have the right to receive help when it is available through legal assistance Program'. Number 8, under responsibilities States 'It is your responsibility to use these resources in keeping with the procedures and schedule perscribed and to respect the rights of other inmates to the use of the Materials and assistance.

19. On the week of June 15th 2020, Plaintiff Kluball filled out a request form to Mrs. Toney, education staff, requesting access to the law library in order to conduct legal research.

20.   On June 22nd, 2020, Plaintiff Kluball received a response to his request to Mrs. Toney. Mrs. Toney stated all requests for law library needed to go through Plaintiff's Unit Manager.

21.   On June 22nd, 2020, Plaintiff Kluball wrote a paper request to defendant Bell requesting access to the law library.

22.   Plaintiff Kluball placed request in cell door and the Unit Officer later retrieved the request while doing rounds.

23.   On July 1st 2020, around 1:30pm to 2:00pm, Plaintiff Kluball personally handed defendant Bell a request form requesting access to the law library.

24.   As of this Complaint, Plaintiff Kluball has yet to receive a reply to the request, ~~mentioned~~ in reference to number 21 of this Complaint.

25.   Defendant Bell took the request (referenced in number 23 of this Complaint) form without reading it and proceeded into the Center Office.

26.   As of this Complaint, Plaintiff Kluball has yet to receive a reply to his request in reference with number 24 of this Complaint.

7

27. On July 7th, 2020, Plaintiff received a rejected Mail Slip. Plaintiff has 20 days to appeal rejection decision.

28. On July 8th, 2020, Plaintiff received two more mail room rejection slips. Plaintiff has 20 days to appeal decisions. Research on Mail room Policy required.

29. On July 9th 2020, Plaintiff wrote another paper request form out requesting access to the law library. Plaintiff placed request in crack of cell door (cell 204, Iowa 1 Unit). Unit officer collected request form while conducting rounds.

30. As of this complaint, Plaintiff has yet to receive a reply to any request forms sent to defendant Bell.

31. On July 11th, 2020, Plaintiff Kluball submitted a electronic request through the inmate computer system to defendant Bell. The electronic request again stated Plaintiff's need to access the law library. for several reasons.

32. Electronic request form, noted in number 31 of this complaint, also included a 'Put on notice' section to inform defendant Bell that her actions, by ignoring my requests for access to the law library, is violating Plaintiff's fundamental right to access the courts.

33.    As of the date of this complaint, Defendant Bell has not replied to the request form referenced in number 31 of this Complaint.

34.    On July 11th 2020, Plaintiff Kluball also submitted a electronic request through the inmate computer system to Mrs. Girrad (CMC). The request was to inform Mrs. Girrad of deffendants Bells behavior. Plaintiff Kluball informed Girrad of his need to utilize the law library.

35.    In the same request (see number 34 of this Complaint), Plaintiff also Proceeded to Put Mrs. Girrad 'on notice' and explained that by defendant Bell ignoring my requests to access the law library, She is depriving Plaintiff of his right to access the Courts by way of law library.

36.    As of the date of this Complaint, Plaintiff has yet to receive a reply from Mrs. Girrad.

37.    On July 13th, 2020 around 1:45pm, Plaintiff Kluball asked Mr. Symons (Iowa 1 case manager) for a BP-8 (informal resolution) in regards to Defendants Bells ignoring Plaintiffs requests to access the law library. Plaintiff explained his situation about the upcoming Statute of limitations and was told by Symons that 'Only inmates with an open case AND a

9

an imminent deadline will be afforded access to the law library." Plantiff received a blank BP-8 and informed Symons they are violating my rights. Mr. Symons stated he has nothing to do with it and said it was defendant Bell who deals with it.

38.    Later on that same day, July 13th 2020, Staff posted a bulletin stating "Inmates will be afforded access to the law library if they have a deadline OR show a need to conduct legal research".

39.    On July 14th 2020, between 8:30 am and 10:30am, Plaintiff Kluball approached MRS. Toney (education staff) and asked if defendant Bell has forward any of my law library requests to the education department (where the law library is located) to be afforded access to the law library. Plaintiff Kluball informed Mrs. Toney of all issues he needed to conduct legal research as well as the up coming deadline on the statute of limitations. Mrs. Tony said she would speak to Mr. Lamirand. (head of education department),

40.    Later that day, July 14th 2020, Plaintiff Kluball spoke with Mr. Lamirand.

41.    Plaintiff explained he has been requesting access to the law library for about four weeks and informed him of the upcoming

10

Statute of limitations in regards to a abuse injury from my childhood as well the need to conduct legal research in order to file his 2255 Motion, a compassionate release request, as well as review FBOP policy on Mail Room rejections and staff Misconduct. Lamirand told Plaintiff that every request goes through Unit Team, Unit Team 'vets' inmates to check for an open case with a deadline. Lamirand told Plaintiff that he would speak with defendant Bell and get back with Plaintiff.

42.　Later that day, July 14th 2020, Mrs. Tony asked Plaintiff if he heard the bad news. Plaintiff replied "No". Mrs. Toney said defendant Bell said she never received Any of Plaintiffs requests, and when defendant Bell 'Checked with region', Plaintiff didn't have an 'open case and deadline'. Mrs. Toney said Mrs. Bell will talk with him when he returns to the unit.

43.　On July 15th, 2020 around 2:15pm, Plaintiff was in his cell, Cell 204, when defendant Bell approached Cell 204 and asked Plaintiff "What do you need?". Plaintiff explained to defendant Bell that for the past four weeks, Plaintiff Kluball has put multiple inmate to staff request forms, requesting access to the law library by way of three

11

Paper request forms and as well as one electronic request submitted on the Inmate Computer System. Defendant Bell said "I never received any of them...". Plaintiff stopped defendant Bell and reminded her on July 1st, Plaintiff personally handed her a request form (refer to number 24 of this complaint).

44.    Once Plaintiff reminded defendant Bell of this, defendant Bell said "well... I don't have it now, fill out a new one and write the case number and deadline down on it".

45.    Plaintiff informed defendant Bell he is still in the research phase and has yet to file his complaint, and at this time he didn't have a case number because he has not filed the original complaint due to not being afforded access to the law library and law library access.

46.    Plaintiff informed defendant Mrs. Bell about his civil complaint he is working on that had a statute of limitations about to expire. Plaintiff also explained about a sentencing error he recently discovered and that he is working on a 2255 as well as informed her of his need to review FBOP Policy.

47.    Plaintiff also informed defendant Bell of a compassionate release he is working on.

12

48. Plaintiff than proceeded to inform defendant Bell that her actions, by ignoring my requests for the law library will not only cause Plaintiff to miss his Statute of limitations deadline and cause an "Actual Injury" but is also violating Plaintiffs Constitutional rights.

49. Defendant Bell said "I don't Care about your rights, I'm doing what region tells me."

50. Defendant Bell started to walk off before Plaintiffs cell mate called her back. Plaintiffs cellmate, Brady Rogers ID#09601-030, who has also been requesting Law Library accessed asked defendant Bell his status on his request. Defendant Bell told Rogers: "Rogers, your request was denied". Defendant Bell left the unit at this time.

51. On July 16th 2020, around 2:35pm, Plaintiff submitted his BP-8 (informal resolution, 1st step out of 4 steps required to exhaust Administrative Remedies).

52. On July 19th 2020 around 6:40am, Plaintiff spoke with LT Johnson about situation concerning access to the law library. LT Johnson stated he would get in contact with defendant Bell and get back with Plaintiff, Plaintiff never heard back from LT Johnson.

13

53. On July 20th 2020, around 10:57am, Plaintiff Kluball was in the Chow hall picking up his boxed lunch when he approached defendant Grissom, the associate warden, and asked to speak with him. Deffendant Grissom said 'Sure' and Plaintiff explained defendant Bells actions in which she has been denying him access to the law library. Defendant Grissom informed Plaintiff Kluball that "People with an open case and a deadline have Priority over someone like you who is still researching in the research Phase." Plaintiff explained to defendant Grissom that inorder to file his civil action, habeas corpus Section 2255, as well as a Compassionate release, Plaintiff not only needs to research case law that relates to and can support his argument but also need to review both Criminal and civil rules of procedures. Deffendant Grissom stated "you are wrong. You can file your argument motions without case law to support your argument and you should talk with other inmates on the unit". Plaintiff told defendant Grissom "without applying case law that relates and supports my arguments and claims, the court would rule my arguments as to be either Frivolous or lacking any authority." Plaintiff than informed defendant Grissom that Plaintiff has a constitutional right to access the courts and by defendants actions Bells ignoring Plaintiffs request and later telling Plaintiff "I don't care about your rights, I'm doing what region tells me", She was violating Plaintiffs fundamental rights to access the courts by way of refusing access to the law library. Plaintiff informed

14

defendant Grissom should Plaintiff miss his deadline to file his complaint due to experation on the Statue of limitations, and staff repeated denial of access to the law library, Plaintiff will seek civil action against all parties / individuals involved with the deprivation of his rights. Defendant Grissom said "Since you went that route, we are done talking."

54.    On July 29th 2020 at 2:14pm, Plaintiff Kluball personally handed Mrs. Defendant Bell a paper request form requesting access to the law library. This request this time stated the Case name and number for the current complaint. Defendant Bell took request without reading it. ~~these stated~~

55.    Defendant Bell than stated "I got your BP-8 and am still waiting on region to review it. Do not file a BP-9 until you get the response from the 8 back."

56.    Plaintiff informed defendent Bell he already filed the BP-9 as the policy states: the BP-9 Must be submitted no later than 20 days after the incident.

57.    Deffendant Bell stated Plaintiff needed to wait for the response from the 8, and then said "I think I know policy better than you."

15

58.    Plaintiff didn't argue with defendant and informed her the request Plaintiff just handed her has a new case name, number and deadline. The deadline is August 10th 2020 for this Complaint. Defendant said "about time" and started to read the request.

59.    On August 4th, 2020, 15 days after the experation of Statute of limitations on injury Plaintiff was seeking reliefe from, Plaintiff was allowed access to the law library because of this current civil action, Case# 1:20-cv-01272-SLD

## V EXHAUSTION of LEGAL REMEDIES

60.    Plaintiff Kluball is currently exhausting the administrative remedies, and if necessary, Plaintiff respectfully requests this Court to hold this Complaint in abeyance until exhaustion of Administrative Remedies is compleated.

61.    BP-9 was submitted on July 27th 2020. Response date from Staff is 20 days from submittion of BP-9. After 20 days, Plaintiff will continue on to the BP-10 and then BP-11. Plaintiff will notify Court once remedies are exhausted and ask the Court to take the Complaint out of abeyance.

16

62. Lastly, Plaintiff requests an injunction against harassment and any/all retaliation, until such time all remedies as well as this suit is/are complete.

## VI LEGAL CLAIMS

63 Plaintiff reallege and incorporate by reference paragraph 1-63.

64. Defendant Bell showed deliberate indifference of rights when she said "I don't care about your rights, I'm doing what region tells me", which violated Plaintiffs 5th, 8th and 14th amendment rights.

65. Defendant Bell's actions, ignoring requests and not allowing Plaintiff meaningfull access to the law library, caused Plaintiff to miss the statute of limitations on an injury Plaintiff was ~~seeking~~ ~~was~~ attempting to bring action on, which violated plaintiffs 1st and 5th amendment rights.

66. By being informed by Plaintiff of defendant Bells actions in which defendant Bell violated Plaintiff Kluball's Constitutional rights, as well as plaintiff informing defendant @Grissom of the statute of limitations deadline, and need ~~far~~ to conduct legal research, Defendant Grissom violated Plaintiffs 1st, 5th, 8th and 14th amendment rights. by failing to interceed when he had the authority.

17

67. When defendant Bell, and defendant Grisson ignored Plaintiffs requests, and denied Plaintiff Meaningful access to the law library, both defendants Bell and Grissom ~~Consid~~ committed a breach of Contract Contrary to Article 1 Section 10 Of the United States Constitution.

68. Defendant Bell and Defendant Grissom broke their own Policy which stated 'Inmates who have on ~~conduct~~ imminent deadline OR need to Conduct legal research' will be afforded access to the law library'. Defendants actions Caused Plaintiff ~~to~~ an actual injury when they Caused Plaintiff to miss the Statute of limitations.

69. Defendant Bell directed Plaintiff to not file a BF-9, was an attempt to disrupt the Administrative remedie process. By directing Plaintiff to do this, She violated Plaintiffs 1st and 5th Amendment rights.

70. Defendant Jeffery Ihruger implemented Policy and signed off on a policy in which be knew or should have known would deprive inmates of their rights, and Caused Plaintiff an actual injury.

71. Defendant Carvagel violated Plaintiffs rights by allowing Policies to exist within his jurisdiction of the FBOP, that

Caused Plaintiff an actual injury.

72. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the Conduct of the defendants unless this Court grants the declaratory and injunctive reliefe which Plaintiff seeks.

73. United States is listed for Purpose of Tort Claim for Sections # 67, 68, 69, 70 and 71.

## VII PRAYER FOR RELIEF

74. WHEREFORE, Plaintiff respectfully Prays that this Court enter judgment granting Plaintiffs

75. A declaration that the acts and Omissions described herein Violated Plaintiff's rights under the Constitution and laws of the United States

76. A Preliminary and Permanent injunction on all defendants to cease their denial of access to law library and to stop any and all harassment/retaliation that might occoure as a result of this complaint.

77. Compensatory damages in the amount of $1,000,000.00 against each defendant, jointly and severally

78. Punitive damages are in the amount of $1,000,000.00 against each defendant.

79. Tort Claim damages in the amount of $1,000,000.00 Sum Certain

80. A Jury trial on all issues triable by jury.

81. Plaintiff's Costs in this Suit

82. Any additional reliefe this Court deems just, Proper, and equitable.

Respectfully Submitted

Dated: 08/04/2020

Alexander Kluball
09184-090
FCI-Pekin
P.O. Box 5000
Pekin, IL 61555

VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged on information and beliefe, and, as to those, I believe them to be true. I certify under Penalty of Perjury that the foregoing is true and correct.

Executed at FCI-Pekin, Illinois on: 08/04/2020

Alexander Kluball

20