UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ALEXANDER ROSS KLUBALL,     ) | |
|     Plaintiff,     ) | |
|          ) | |
| v.     ) | Case No. 1:20-cv-01272-SLD |
|          ) | |
| K. BELL *et al.*,     ) | |
|     Defendants.     ) | |

### MERIT REVIEW ORDER ON AMENDED COMPLAINT

**SARA L. DARROW, Chief United States District Judge:**

Before the Court is a motion for leave to file an amended complaint by Plaintiff *pro se* Alexander Ross Kluball.

### I. AMENDED COMPLAINT

#### A. Legal Bases for Plaintiff's Amendment

Plaintiff, who is incarcerated at United States Penitentiary Terre Haute, identifies the following officials at Federal Correctional Institution ("FCI") Pekin officials as Defendants: Assistant Warden Grissom and Unit Manager K. Bell.

"The purpose of § 1983 is to deter *state* actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Proffitt v. Ridgway*, 279 F.3d 503, 510 (7th Cir. 2002) (quoting *Wyatt v. Cole*, 504 U.S. 158, 161 (1992)) (emphasis added).

Plaintiff's alleged constitutional violations against FCI Pekin officials fall under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* holds that a victim can seek damages in federal court for constitutional violations committed by *federal*

*officers*. *Id*. at 389 (emphasis added); *see also Hernandez v. Mesa,* 137 S. Ct. 2003, 2006 (2017) ("*Bivens* … recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights.") (internal quotation marks omitted).

### B. Screening Standard

Plaintiff's complaint is before the Court for merit review under 28 U.S.C. § 1915A, which requires the Court to "screen" the complaint, and through such process, identify and dismiss any legally insufficient claim or the entire action if warranted. A claim is defective if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. The Court accepts Plaintiff's factual allegations as true and construes them liberally in her favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### C. Facts Alleged

Plaintiff asserts that Defendant Bell refused to permit him access to FCI Pekin's law library to conduct legal research on a valid, viable claim even though Bell knew Plaintiff had a statutory deadline to file suit. When Plaintiff told Defendant Grissom that he would file a lawsuit if Plaintiff missed the deadline, Grissom disregarded Plaintiff and refused to listen further.

### D. Analysis

The Court concludes that Plaintiff's allegations fail to state a plausible claim against Defendants Bell and Grissom because a First Amendment access to the court claim is not

cognizable under *Bivens*.

In *Ziglar v. Abbasi*, the Supreme Court explained that it applied *Bivens* in only three constitutional contexts: (1) Fourth Amendment unreasonable searches and seizures, (2) First Amendment gender discrimination, and (3) Eighth Amendment deliberate indifference to medical needs. 137 S. Ct. 1843, 1855 (2017) (citing *Bivens*, 403 U.S. at 397, *Davis v. Passman*, 442 U.S. 228 (1979); *Carlson v. Green*, 446 U.S. 14 (1980)). The Supreme Court has since "made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity[,]" which the Supreme Court has refused to extend for over three decades. *Ziglar*, 137 S. Ct. at 1857 (collecting cases where the Supreme Court has declined to extend *Bivens* to any new context or new category of federal defendants).

The Supreme Court held that because *Bivens* created a judicial remedy for damages against federal employees instead of a legislated remedy such as 42 U.S.C. § 1983, a federal court should not expand *Bivens* unless special circumstances exist. *Id*. at 1858. Consistent with the Supreme Court's guidance, the Court declines to conclude that exceptional circumstances exist to transform Plaintiff's alleged denial of law library time into a First Amendment access to the court claim for compensatory and punitive damages absent statutory authority.

## II. CONCLUSION

Accordingly, the Court denies Plaintiff's motion for leave to file an amended complaint. Although the Court has the discretion to permit Plaintiff to file a second amended complaint, it is unnecessary when, as here, the Court finds that any amendment to the claim raised in Plaintiff's pleading would be futile. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1025 (7th Cir. 2013); *see also Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) ("District courts,

nevertheless, 'have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.'") (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

**IT IS THEREFORE ORDERED:**

1) **The Court DENIES Plaintiff's motion for leave to file an amended complaint [26] under 28 U.S.C. 1915A(b)(1) for failure to state a claim on which relief may be granted. Because any amendment to the complaint would be futile, the Court DIRECTS the Clerk of the Court to enter a judgment under Fed. R. Civ. P. 58.**

2) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of her grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED March 14, 2022.

s/ *Sara L. Darrow*
_____
**SARA L. DARROW
CHIEF UNITED STATES DISTRICT JUDGE**